IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HITEX, LLC, a Nevada limited Liability company,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL M. VOREL,<br>JOHN ERNEST LIGHT,<br>TINA S. LIGHT,<br>ACCOUNTING FOR EDMOND, LLC, an Oklahoma limited liability company, and INVESTORS SERVICES, INC., an Oklahoma corporation,<br><br>    Defendants. | Case No. CIV-21-1125-D |

**ORDER**

Before the Court is a Motion for Judgment on the Pleadings [Doc. No. 52] submitted by Defendants John Ernest Light, Tina S. Light, and Investor Services, Inc. Plaintiff HiTex, LLC, responded in opposition [Doc. No. 53] and Defendants replied [Doc. No. 54]. The matter is fully briefed and at issue.

**BACKGROUND**

This case concerns the alleged misappropriation and conversion of funds from two New Mexico payday lending businesses, Cashco, Inc., and Budget Payday Loans, L.P. By oral agreement, Defendants were responsible for monitoring Cascho and Budget's financial activities, keeping accurate records, reconciling financial statements, and conducting certain transactions on behalf of each store. Performing these duties in

exchange for a set monthly fee, Defendants had access to each of Cashco and Budget's operating accounts.

Defendants allegedly exploited this access by initiating a series of improper distributions. Rather than distribute funds from the operating accounts to Cascho's and Budget's owners—Randall C. Roche, Ronald Tsuchiyama, Michael Harada, and William Montelongo (the "Individual Owners")—Defendants withdrew and used $320,000 from the accounts for their own benefit.[1]

In addition to owning Cascho and Budget, the Individual Owners also own Plaintiff HiTex, LLC, an entity to which they assigned their claims in this case. Plaintiff asserts six causes of action: (1) breach of contract; (2) breach of fiduciary duty; (3) conversion; (4) fraud; (5) unjust enrichment; and (6) negligence. Plaintiff seeks monetary damages in the amount of $320,000, plus interest and costs.

Defendants John Ernest Light, Tina S. Light, and Investors Services, Inc. argue that they are entitled to judgment on the pleadings as a matter of law. They contend that (1) Oklahoma law prohibits the assignment of the Individual Owners' claims to HiTex, LLC; and (2) even if the claims are assignable, Plaintiff's breach of contract claim is barred by the applicable statute of limitations.

---

[1] Plaintiff alleges that the improper distributions occurred on November 7, 2013 ($130,000), March 11, 2016 ($100,000), December 20, 2016 ($40,000), and February 9, 2017 ($50,000).

## STANDARD OF DECISION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)). Accordingly, the Court "accepts as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'" *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 196, 1199 (10th Cir. 2013)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings the Court may, as the name suggests, consider the answer to the complaint. *See Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750 (10th Cir. 2013).

# DISCUSSION

**I.  Because Plaintiff's claims arise from Defendants' alleged breach of contract, they are assignable.**

Citing to Okla. Stat. tit. 12, § 2017(D), Defendants argue that the Individual Owners improperly assigned their claims to Plaintiff. They contend that, because each of Plaintiff's claims sound in tort, they are barred pursuant to Okla. Stat. tit. 12, § 2017(D), which prohibits "[t]he assignment of claims not arising out of contract."

Plaintiff asserts that the claims were properly assigned, as each claim "arise[s] from the Defendants' breach of contract with Cascho and Budget to provide certain accounting related services and to distribute funds to the [Individual] Owners." [Doc. No. 53] at p. 6. Although Plaintiff does not dispute that its claims for breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligence are tort claims, it maintains that the claims "are properly assignable since they stem from a breach of contract claim." *Id*.

Defendants rely on two principal cases to support their argument that Plaintiff's claims are not assignable: *F.D.I.C. v. Regier Carr & Monroe*, 996 F.2d 222 (10th Cir. 1993) and *Trinity Mortg. Cos., Inc. v. Dryer*, 451 F. App'x 776 (10th Cir. 2011). The Court addresses each in turn.

In *Regier*, Territory Savings and Loan Association hired Regier, Carr, and Monroe, an accounting firm, to serve as an independent outside auditor. 996 F.2d at 223. Territory subsequently sued Reiger, arguing that Reiger breached its contract by failing to timely advise Territory's board of directors about mismanagement by Territory's president. *Id.* at 224.

Reiger argued that Territory's claim sounded in tort for malpractice and was thus barred by the two-year tort statute of limitations. The Tenth Circuit noted that "if the alleged contract of employment merely incorporates by reference or by implication a general standard of skill or care which a defendant would be bound independent of the contract, a tort case is presented governed by the tort limitation period." *Id.* (quoting *Great Plains Federal Savings and Loan Ass'n v. Dabney*, 846 P.2d 1088, 1092 (Okla. 1993)).

Applying this principle, the court concluded that the action sounded in tort, as the letter from Territory that engaged the services of Reiger simply incorporated by reference generally accepted auditing standards, and "proposed nothing beyond the general standard of care for certified public accountants." *Reiger*, 996 F.2d at 224. Ultimately, the court held that the action was time-barred, because "an action for malpractice . . . though based on a contract of employment, is an action in tort and is governed by the two-year statute of limitations." *Id.* (quoting *Funnell v. Jones*, 737 P.2d 105, 107 (Okla. 1985)).

*Trinity* applies similar reasoning in the context of a legal malpractice claim. *Trinity Mortg. Cos., Inc.*, 451 F. App'x at 779. After being sued in a separate wrongful termination action, Trinity engaged David Dryer as its attorney. The court eventually entered default judgment against Trinity due to Dryer's failure to file an answer on Trinity's behalf. *Id.* at 777. Trinity was later administratively dissolved, and pursuant to a settlement agreement, assigned its malpractice claim against Dryer to Dennis Junker. *Id.* at 778. Trinity, via Junker's new control, then filed suit against Dryer for legal malpractice, fraud, breach of fiduciary duty, and breach of contract. Each claim was based on Dryer's alleged failure to

5

follow the Rules of Professional Conduct while representing Trinity in the wrongful termination action. *Id.*

Acknowledging that malpractice, fraud, and breach of fiduciary duty are all tort claims, the Tenth Circuit determined that the assignment from Trinity to Junker was prohibited under Okla. Stat. tit. 12, § 2017(D). In addition, it held that the breach of contract claim also sounded in tort, as it was grounded in Dryer's alleged breach of an oral contract to adhere to the general standard of care set forth in the Rules of Professional Conduct. *Id.* at 779-80.

Defendants insist that *Reiger* and *Trinity* require a finding that Plaintiff's claims are grounded in tort, and therefore barred pursuant to Okla. Stat. tit. 12, § 2017(D). Plaintiff concedes that claims for breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligence ordinarily sound in tort. Nevertheless, it argues that the claims are assignable because they are premised on a contractual relationship—specifically, Defendants' promise to fully distribute funds to the Individual Owners under the oral agreement. *See* [Doc. No. 53] at pp. 7-8.

At this early stage, resolving all reasonable inferences in favor of Plaintiff, the Court is unable to conclude that Okla. Stat. tit. 12, § 2017(D) prevents Plaintiff from assigning its claims. Plaintiff's claims are brought pursuant to Defendants' alleged failure to distribute payments to the Individual Owners, as required under the alleged oral agreement. *See* Compl. [Doc. No. 1] at ¶¶ 17-18 ("Under the contracts, Defendants were responsible for . . . payment of distributions to [the Individual Owners]."). Unlike the contracts at issue in *Reiger* and *Trinity*, here, it does not appear that the contracts merely incorporate a

general standard of care that Defendants would otherwise be bound by. Rather, the contracts require Defendants to distribute monies to the Individual Owners, which Defendants allegedly failed to do.

Although breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligence claims ordinarily sound in tort, here, they are claims premised on a contractual relationship. Thus, the claims arise "out of contract" for purposes of Okla. Stat. tit. 21, § 2017(D) and may be assigned. *See Chimney Rock Ltd. P'Ship v. Hongkong Bank of Can.*, 857 P.2d 84, 88 (Okla. Civ. App. 1993) (holding that tort claims are assignable where "the alleged torts are grounded in the contracts and would not be capable of existing except for contracts"); *see also Southcrest, LLC v. Bovis Lend Lease, Inc.*, No. 10-CV-362-CVE-FHM, 2012 WL 3776981, at *2 (N.D. Okla. Aug. 29, 2012) ("[W]here a tort claim is premised on a contractual relationship, courts have held that the claim arises 'out of contract' for purposes of § 2017(D) and may be assigned.").

## II.  Plaintiff's breach of contract claim is not barred by the statute of limitations.

Defendants alternatively argue that even if Plaintiff's breach of contract claim survives, it is barred by the applicable statute of limitations. An action for breach of contract accrues when the contract is breached, "regardless of whether the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach." *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 753 (Okla. 2021). However, the statute of limitations period is tolled if a defendant fraudulently conceals material facts and thereby prevents a plaintiff from discovering the wrong or the fact that a cause of action has

accrued. *Id*. Under Oklahoma law, oral contracts are governed by a three-year statute of limitations. Okla. Stat. tit. 12, § 95(A)(2).

Plaintiff's complaint, filed on July 28, 2021, alleges that Defendants executed improper distributions on November 7, 2013, March 11, 2016, December 20, 2016, and February 9, 2017. *See* Compl. [Doc. No. 1] at pp. 4-6. Defendant argues that, because Plaintiff initiated its action more than three years after the alleged breaches occurred, the breach of contract claim is time-barred. Although Defendants acknowledges that the statute of limitations for a breach of contract action may be tolled pursuant to fraudulent concealment, they argue that "nothing alleged suggests [Plaintiff] or the [Individual] Owners were prevented from discovering the wrong themselves." [Doc. No. 52] at p. 9.

The Court disagrees. In its complaint, Plaintiff alleges that Defendants' actions prevented it from discovering the alleged wrongs. *See* Compl. [Doc. No. 1] at Count IV, ¶ 2 ("Defendants represented to Cashco, Budget and the [Individual] Owners that all amounts distributed to the [Individual] Owners by Cashco and Budget were paid to the [Individual] Owners."); *Id.* at Count IV, ¶ 4 ("[Individual] Owners had no reason to know that Defendants misrepresentations were false when made, due to the long period of time during which Defendants had operated Cashco's and Budget's business without any serious problems.").

"[W]hen there is some actual artifice or some affirmative act of concealment, or some misrepresentation which induces the other party to inaction, or to forgo inquiry, the guilty party may not cover up the harm he has thus wrought by aid of the statute of limitations." *Masquat v. DamilerChrysler Corp.*, 195 P.3d 48, 55 (Okla. 2008) (internal

8

quotation omitted). As detailed, Plaintiff alleges that Defendants concealed and misrepresented the improper distributions. Thus, viewing the facts in the light most favorable to Plaintiff, the Court is unable to conclude that Defendants have "clearly established that no material issue of fact remains to be resolved [such that it] is entitled to judgment as a matter of law." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

## CONCLUSION

For the reasons set forth herein, Defendants' Motion for Judgment on the Pleadings [Doc. No. 52] must be **DENIED.**

**IT IS SO ORDERED** this 14th day of October, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge