IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HI-TEX, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-21-1125-D |
| PAUL M. VOREL, *et al.*, | ) ) ) |
|     Defendants. | ) ) |

### ORDER

On June 26, 2024, the Court granted the Motion to Withdraw as Attorney of Record for Defendants Paul M. Vorel and AFE, LLC, filed by L. Don Smitherman. 6/26/2024 Order [Doc. No. 83].[1] By that order, Mr. Vorel was directed either to obtain new counsel or give notice of his intent to proceed *pro se* within 30 days. Further, because AFE must be represented by counsel, the Court directed an attorney for AFE to file an entry of appearance within 30 days.

On August 1, 2024, after receiving no filing from either Mr. Vorel or AFE, the Court ordered them to comply with the June 26th order or show cause for their failure to do so. 8/1/2024 Order [Doc. No. 101]. The Court warned Mr. Vorel and AFE that failure to comply with the show cause order may result in the entry of default pursuant to Fed. R. Civ. P. 55(a).

---

[1] "AFE" is a shorthand reference for Defendant Accounting for Edmond, LLC. The Court uses the "AFE" initialism throughout this Order.

On August 16, 2024, Mr. Vorel filed an Entry of Appearance [Doc. No. 106], ostensibly notifying the Court that he intends to proceed *pro se*. However, no licensed attorney filed an entry of appearance on behalf of AFE. On March 4, 2025, after receiving no entry of appearance by an attorney representing AFE, the Court again warned Mr. Vorel and AFE that if no entry of appearance was filed within 14 days of the order, the Court anticipated directing the Clerk to enter default against AFE. 3/4/2025 Order [Doc. No. 107].

The Court's 14-day deadline passed, and no attorney filed an entry of appearance on behalf of AFE. Therefore, on March 28, 2025, the Clerk entered default against AFE pursuant to Fed. R. Civ. P. 55(a). Clerk's Entry of Default [Doc. No. 109]. For the reasons discussed in detail below, the Court now enters default judgment against AFE.

## DISCUSSION

**I.    The Federal Rules of Civil Procedure provide the Court with authority to enter default judgment against AFE.**

Rule 16(f), and its cross-reference to Rule 37(b)(2)(A)(ii)-(vii), of the Federal Rules of Civil Procedure "permit a court to enter a default judgment when a party disobeys a court order." *Derma Pen, LLC v. 4EverYoung Limited*, 736 F. App'x 741, 745 (10th Cir. 2018); *see also E.E.O.C. v. Roswell Radio, Inc.*, No. CIV 06–0253 JB/LAM, 2007 WL 5685110, at *7 (D.N.M. Oct. 5, 2007) ("The Federal Rules of Civil Procedure authorize default judgments against parties who fail to comply with court orders . . . ."); *GFSI, Inc. v. San Sun Hats & Cap Co., Ltd.*, No. 07–2026–JWL–DJW, 2008 WL 489318, at *2 (D.

Kan. Feb. 20, 2008) ("Thus, this court may issue a default judgment against a party who fails to obey a pretrial order or fails to appear at a pretrial conference.").

But default judgment "represents an extreme sanction" and is thus "appropriate only in cases of willful misconduct." *Derma Pen, LLC*, 736 F. App'x at 745. "A 'willful failure' is 'any intentional failure as distinguished from involuntary noncompliance.'" *Id.* (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987)). A "willful failure" does not require a showing of wrongful intent. *Id.*

The Tenth Circuit has set forth several factors courts should consider in determining whether a default judgment is an appropriate sanction:

> Thus, in addition to considering the culpability of the offending party, the district court also typically should consider a number of other factors on the record, including (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and (4) the efficacy of lesser sanctions.

*EBI Sec. Corp., Inc. v. Net Command Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920–21 (10th Cir. 1992)) (the "*Ehrenhaus* factors"). The *Ehrenhaus* factors "do not constitute a rigid test," and "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Id.* at 746 (quoting *Ehrenhaus*, 965 F.2d at 921) (alteration in original).

## II.     Default judgment on liability against AFE is warranted and appropriate.

The Court's Local Rules—in accord with well-established, binding caselaw—prohibit corporate parties from appearing *pro se*. LCvR17.1; *Tal v. Hogan*, 453 F.3d 1244,

3

1254 & n.8 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."). Therefore, when the Court allowed AFE's attorney to withdraw from this case, it informed AFE of this requirement and allowed it 30 days to obtain new counsel. *See* 6/26/2024 Order at 2. The Court also informed AFE that the failure of an attorney to file an entry of appearance on its behalf may result in the entry of default. *Id.*

After the Court's 30-day deadline expired, the Court gave AFE two more opportunities to obtain counsel. *See* 8/1/2024 Order; 3/4/2025 Order. And in each instance, the Court informed AFE that the failure of an attorney to file an entry of appearance on its behalf may result in the entry of default. *Id.* Still, AFE failed to heed the Court's repeated warnings or give any reason as to why it has not obtained new counsel.

Based on its failure to obtain new counsel, along with its failure to respond in any way to the Court's directive in its numerous show cause orders, the Court finds that AFE is subject to sanctions. The Court further finds that, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi), default judgment on liability is an appropriate sanction, given the circumstances. However, before entering default judgment, the Court must weigh the *Ehrenhaus* factors to ensure "that default judgment is a 'just' sanction . . . ." *EBI Sec. Corp., Inc.*, 85 F. App'x at 108; *see also San Sun Hats & Cap Co.*, 2008 WL 489318, at *3.

On balance, the Court finds that the *Ehrenhaus* factors weigh in favor of entering default judgment. The Court addresses each factor in turn. First, although AFE "may not have bad faith intentions, it has intentionally failed to secure counsel." *See San Sun Hats & Cap Co.*, 2008 WL 489318, at *3. The Court has given AFE numerous opportunities to

4

secure counsel, but, for whatever reason, it has neither done so, nor offered any explanation as to why it cannot do so. Because AFE is culpable for its own conduct, this factor weighs in favor of entering default judgment. *See Roswell Radio*, 2007 WL 5685110, at *12 ("Moreover, the Court, places responsibility and fault on Roswell Radio for failure to cooperate on any level.").

Second, although the Court cannot definitively conclude that the other parties in this case have been actually prejudiced by AFE's failure to secure counsel, they have, at the very least, been left in limbo (as discussed in more detail next). Further, the parties "will be prejudiced even further by [AFE's] actions if they are required to spend time and money to present their case on liability during the jury trial." *Id.* at *13. Although this factor does not swing heavily in favor of any party, the prejudice, or potential prejudice, to the other parties weighs in favor of entering default judgment.[2]

Third, AFE's failure to secure counsel has resulted in a disruption to the judicial process. There are complex, pending motions for summary judgment (neither of which AFE responded to) warranting the Court's attention. But as of late, the Court has spent time addressing AFE's (and, to a lesser extent, Mr. Vorel's) failure to obtain counsel. That failure to obtain counsel "is interfering with the federal judicial process and, ultimately, the efficient resolution of this case." *Id.* at *14; *see also San Sun Hats & Cap Co.*, 2008 WL 489318, at *4 ("San Sun already has not participated in the case in any meaningful way

---

[2] It is also worth noting that a default judgment will not significantly prejudice AFE. As explained by the *Roswell Radio* court, a "trial on liability would likely make no difference in this case, because without an attorney, Roswell Radio will not be able to put on any defense or evidence." *Roswell Radio*, 2007 WL 5685110, at *13. The same is true here.

5

since its original counsel withdrew over three months ago. This court will not permit the continued disruption to the judicial process . . . ."); *Derma Pen, LLC*, 736 F. App'x at 747 ("As the district court noted, '[f]ailure to have representation stymies the judicial process' because 'unrepresented parties do not respond to court orders' or 'the opposing party's motions.'"). This factor weighs in favor of entering default judgment.

Fourth, and most importantly, the Court—on numerous occasions—warned AFE that entry of default would be a likely sanction for its failure to secure counsel. "Thus, the Court needs to sanction [AFE] now, not continue to hope that [AFE] will comply." *Roswell Radio*, 2007 WL 5685110, at \*14; *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) ("Plaintiffs having been fully advised of the need for proper representation of the corporate claims, we agree with the lower court's dismissal of these claims for lack of proper representation."). This factor weighs heavily in favor of entering default judgment.

Fifth, and last, the Court is unconvinced that imposing lesser sanctions would have any efficacy in light of the numerous warnings AFE has ignored. Clearly, warnings that default could be entered did nothing to prompt AFE to secure counsel. *See San Sun Hats & Cap Co.*, 2008 WL 489318, at \*4 ("These less severe attempts to remedy the problem have proven fruitless, just as any less serious sanctions likely would as well."). The Court is also unconvinced monetary sanctions would serve any viable purpose. A monetary sanction would, presumably, impose financial hardship on Mr. Vorel, who is the "owner of a majority interest in [AFE]," *see* Defs.' Mot. to Dismiss [Doc. No. 9] at 2. Such a sanction would presumably send a strong message regarding the need for AFE to obtain counsel.

6

But, at the end of the day, a monetary sanction would not alter AFE's obligation to comply with LCvR17.1 and, in all reality, would likely make it harder for AFE to secure counsel. This factor weighs in favor of entering default judgment.

Upon careful consideration of the *Ehrenhaus* factors, the Court concludes they weigh in favor of entering default judgment on liability against AFE.

### III. An evidentiary hearing is necessary to determine what damages, if any, are attributable to AFE.

Although not required, Fed. R. Civ. P. 55(b) provides the Court with discretion to conduct a hearing to determine damages associated with the entry of default judgment. *See* 10A CHARLES ALAN WRIGHT & ATHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (4th ed.) ("If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary.").

Because the Court *sua sponte* enters default judgment against AFE, it does not have the benefit of reviewing the materials typically found in a motion for default judgment. The Complaint [Doc. No. 1] alleges that Defendants, collectively, owe $320,000 to Plaintiff, but there is no indication as to what portion of that amount, if any, is attributable to AFE. Therefore, the Court finds that a hearing is necessary to determine damages, if any, attributable to AFE. The Court anticipates conducting the hearing after the final disposition of all claims in this case.

## CONCLUSION

For the reasons detailed herein, the Court, pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(vi), concludes that default judgment on liability against AFE is warranted as a sanction for its failure to obey the Court's orders and obtain new counsel.

**IT IS THEREFORE ORDERED** that default judgment on liability is entered against AFE.

**IT IS FURTHER ORDERED** that the parties to this case appear before the Court for an evidentiary hearing to determine damages, if any, attributable to AFE.[3] This hearing will be set in the future by separate order.

**IT IS SO ORDERED** this 4th day of April, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[3] Of course, the Court does not intend to dissuade the parties from reaching an agreement as to AFE's damages, if possible.